# United States Court of Appeals

*for the*

# Eighth Circuit

Case No. 25-1772

GERI BACHMAN,

*Plaintiff-Appellant,*

— v. —

HICKMAN MILLS SCHOOL DISTRICT; YAW OBENG, In their personal
capacities; DERRICK JORDAN, SR., In their personal capacities,

*Defendants-Appellees,*

CAROL GRAVES, In their official capacities as Directors of the Board of
Education; BYRON TOWNSEND, In their official capacities as Directors of the
Board of Education; IRENE C. KENDRICK, In their official capacities as
Directors of the Board of Education; BETH BOERGER, In their official
capacities as Directors of the Board of Education; BRANDON WRIGHT, In their
official capacities as Directors of the Board of Education; ANN E. COLEMAN,
In their official capacities as Directors of the Board of Education,

*Defendants.*

ON APPEAL FROM AN ORDER ENTERED IN U.S. DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI - KANSAS CITY IN CASE
NO. 4:23-CV-00931-FJG, FERNANDO J. GAITAN, JUNIOR, U.S. DISTRICT JUDGE

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

JONATHAN R. WHITEHEAD
WHITEHEAD LAW OFFICE
*Attorneys for Plaintiff-Appellant*
229 S.E. Douglas Street, Suite 210
Lee's Summit, MO 64063
(816) 398-8305

CP COUNSEL PRESS    (800) 4-APPEAL • (624607)

# Table of Contents

Table of Contents ................................................. i

Table of Authorities............................................. iii

Summary of the Reply.............................................1

Argument.........................................................5

I.   The Lower Court erred in dismissing Bachman's Free Exercise claims (Counts 3, 9, and 10), because the policy was not "neutral and generally applicable" toward Bachman's religiously-motivated conduct. ..........................5

   A.   The First Amendment protects teachers from the kind of religious discrimination shown in Appellees' own brief. .................................................5

   B.   The Appellees' policy does not meet strict scrutiny............................ 8

II.   The Lower Court erred in dismissing Bachman's Free Speech claims (Counts 1, 2, and 4), because the District admits the policy here was based in "student feelings" and "rights of choice," not her professional duties. ..........................10

   A.   The First Amendment protects teachers against government speech rules that prohibit speech outside school, between parents and teachers.................10

   B.   The First Amendment prohibits public schools from requiring teachers to adopt beliefs they do not hold or to say untrue things. .................................... 11

III.   The Lower Court erred in dismissing Bachman's Title VII discrimination and retaliation claims. ...........................................................16

A.   Bachman pleaded a Title VII claim, as shown by Appellee-Defendants' own brief and statement of the case. ...............................................16

B.   Bachman pleaded a Title VII claim, as shown by Appellees' primary authority, *Kluge* v. *Brownsburg*. ........................................................18

C.   Bachman states a Title VII retaliation claim because she pleads her reprimand was elevated to a termination after her rebuttal letter pointed out the policy's unfairness. ...........................................................................19

IV. The Lower Court erred in dismissing Bachman's state law claims and in dismissing with prejudice. ................................................................... 20

A.   Bachman's other claims should be reinstated. .................................... 20

B.   The lower court abused its discretion in dismissing with prejudice. .......21

Conclusion ........................................................................................... 22

Certificates ......................................................................................... 24

# Table of Authorities

## Cases

*303 Creative LLC* v. *Elenis*, 600 U.S. 570 (2023) ..................................................... 11

*Adams ex rel. Kasper* v. *Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791 (11th Cir. 2022) .... 9

*Bostock* v. *Clayton County,* 140 S. Ct. 1731 (2020) .................................................8, 9

*Brandt ex rel. Brandt* v. *Rutledge*, No. 21-2875, 2022 WL 16957734 (8th Cir. Nov. 16, 2022) ........................................................................................................... 9

*Church of the Lukumi Babalu Aye, Inc.* v. *City of Hialeah,* 508 U.S. 520 (1993) . 1, 3, 6

*Eknes-Tucker* v. *Governor of Ala.*, 80 F.4th 1205 (11th Cir. 2023) ............................ 9

*Fulton* v. *City of Philadelphia,* 593 U.S. 522 (2021) ............................................ 1, 5, 8

*Geraghty* v. *Jackson Loc. Sch. Dist. Bd. of Educ.*, No. 5:22-CV-02237, 2024 WL 3758499 (N.D. Ohio Aug. 12, 2024) .............................................................14, 15

*Janus* v. *AFSCME Council 31*, 585 U.S. 876 (2018) .........................................11, 12

*Johnson* v. *Nat'l Collegiate Athletic Ass'n*, 108 F.4th 163 (3d Cir. 2024) .................. 9

*Kennedy* v. *Bremerton Sch. Dist.*, 597 U.S. 507 (2022) ...............................................1

*Kluge* v. *Brownsburg Cmty. Sch. Corp.*, No. 24-1942, 2025 WL 2218112 (7th Cir. Aug. 5, 2025) .......................................................................................................... 4, 7

*Kluge* v. *Brownsburg Comm. Sch. Corp.*, 432 F.Supp.3d 823 (S.D.Ind. 2020) ...... 7, 15

*Masterpiece Cakeshop* v. *Colorado C.R. Comm'n,* 584 U.S. 617 (2018) ................. 1, 6

iii

*Ricard* v. *USD 475 Geary Cnty. Sch. Bd.*, No. 5:22-CV-04015-HLT-GEB, 2022 WL 1471372 at *6 (D. Kan. May 9, 2022)...............................................................10

*Sherbert* v. *Verner,* 374 U.S. 398 (1963)....................................................1

*Soule ex rel. Stanescu* v. *Conn. Ass'n of Schs., Inc.*, 57 F.4th 43 (2d Cir. 2022) .......... 9

*Soule* v. *Connecticut Ass'n of Sch., Inc.*, 90 F.4th 34 (2d Cir. 2023) ......................... 9

*Tennessee* v. *Cardona*, No. 24-5588, 2024 WL 3453880 (6th Cir. July 17, 2024) ..... 9

*Willey* v. *Sweetwater County Sch. Dist.*, No. 23CV-0069-SWS, 2023 WL 9597101 (D.Wyo. Dec. 18, 2023) ..................................................................... 15

## Statutes

§1.302, RSMo. .......................................................................................21

§160.2500, RSMo. ................................................................................ 22

Mo. Const. Art. I, §§ 2, 5 & 10......................................................21

## Summary of the Reply

Geri Bachman, a Christian working as a public school teacher, was fired for refusing to address two students in her "Girls Physical Education" class as boys. The District said she must, instead, "acknowledge students' rights of choice" about their gender identity. Bachman asked for a religious accommodation, but she was told no accommodation could be given. Yet the Hickman Mills School District allowed other teachers, administrators, and its digital official records, to address the same students as female without punishment.

A long line of Supreme Court cases say Appellees' actions toward Bachman violate her First Amendment rights. *See Fulton* v. *City of Philadelphia*, 593 U.S. 522 (2021)*; Kennedy* v. *Bremerton Sch. Dist.*, 597 U.S. 507 (2022)*; Church of the Lukumi Babalu Aye, Inc.* v. *City of Hialeah*, 508 U.S. 520 (1993)*; Masterpiece Cakeshop* v. *Colorado C.R. Comm'n,* 584 U.S. 617 (2018)*,* and *Sherbert* v. *Verner*, 374 U.S. 398, 401 (1963). The lower court erred in dismissing all of Plaintiff's claims under the Constitution, Title VII, and state law.

Appellee-Defendants' brief, of course, argues that Bachman failed to allege enough facts, or the right facts, to state any claims. But Appellee-Defendants' own statement of the case (Appellees' Br. at 3-7) shows that this argument is unfounded;

ample facts have been pleaded to show the policy discriminates unlawfully. The Hickman Mills District and the other Appellee-Defendants admit Plaintiff has pleaded at least the following:

1. Bachman taught Girls' Physical Education for the Hickman Mills School District. Appellees' Br. at 3.

2. Under a School District directive, "students may select and express any gender identity they choose because the expression is based entirely on an individual student's feelings." Appellees' Br. at 4.

3. Under the directive, Bachman was instructed to refer to two students as boys, despite the students being listed as girls with female names in the District's computer systems. Appellees' Br. at 5.

4. The students were inconsistent with their demands to teachers and administrators; the names and genders demanded of other teachers were different from the demands made of Bachman. Appellees' Br. at 6.

5. Bachman was reprimanded for failing to "acknowledg[e] students' right of choice and remaining neutral regarding religious matters." Appellees' Br. at 5.

6. After Bachman was reprimanded, she submitted a rebuttal letter opposing the policy as unfair. Appellees' Br. at 5.

7.  After Bachman submitted her rebuttal letter, the District determined to terminate her. Appellees' Br. at 6.

Appellee Hickman Mills admits that Bachman pleaded all these facts, and that should be enough. Bachman does not engaging in 'wordplay' to create the appearance of unfair discrimination; she pleaded facts showing that discrimination occurred. When two teachers use the same speech, but only the religious teacher is fired, the distinctive treatment of religious conduct is, by definition, not neutral or generally applicable under the Free Exercise clause. *Church of Lukumi Babalu Aye, Inc.* v. *City of Hialeah*, 508 U.S. 520, 534 (1993) )

Appellees' brief also shows why the lower court was wrong to dismiss Plaintiff's free speech claim. The lower court held that Plaintiff's speech resulted from her "professional duties." But Appellees' own brief says the policy is rooted in student feelings: "students may select and express any gender identity they choose because the expression is based entirely on an individual student's feelings." If the source of the speech is private student feeling, the source of the speech cannot be Bachman's "professional duties." Appellees' Br. at 4 (emph. added). This is especially true because other teachers address the students as females, but Hickman never accuses them of failing to meet professional responsibilities. This shows that the speech at issue was not created by professional duties. Bachman was not being

3

asked to serve as a government spokesperson, but a student spokesperson. But government cannot force teachers to be the spokesmen for *students*.

Finally, the cases cited in Appellee-Defendants' own brief undercut dismissal of Plaintiff's Title VII claims. The District repeatedly cites an Indiana case, *Kluge* v. *Brownsburg Sch.* There, a school required all teachers to use a single identity in all classes for a transgender student. But Appellee-Defendants failed to cite the most recent development in the case, handed down on August 5, 2025. In *Kluge* v. *Brownsburg Cmty. Sch. Corp.*, No. 24-1942, 2025 WL 2218112 (7th Cir. Aug. 5, 2025), the Seventh Circuit refused to grant the school summary judgment on Title VII claims. The 7th Circuit held that letting a religious teacher use "last names only" accommodation does not necessarily put a school on "the razor's edge" of Title IX liability. *Id.* So Appellee-Defendants' every citation of *Kluge* underscores the error of the lower court here. There was no valid basis to dismiss all of Plaintiff Bachman's claims.

Plaintiff Bachman respectfully asks this Court to reinstate her claims against Appellee-Defendants, and to remand the case for further discovery.

<u>**ARGUMENT**</u>

**I.    The Lower Court erred in dismissing Bachman's Free Exercise claims (Counts 3, 9, and 10), because the policy was not "neutral and generally applicable" toward Bachman's religiously-motivated conduct.**

   **A.    The First Amendment protects teachers from the kind of religious discrimination shown in Appellees' own brief.**

Bachman's initial brief laid out the Free Exercise caselaw that proves she has stated claim. "Congress shall make no law... prohibiting the free exercise," says the First Amendment. A rule burdening religious conduct will be subjected to strict scrutiny, unless the rule is "neutral *and* generally applicable." *Fulton* v. *City of Philadelphia*, 593 U.S. 522, 533 (2021).

The District's rule in this case was not "generally applicable." The District's policy requires analysis of each teacher's conduct, and the reasons for that conduct, along with the requests of each student. "A law is not generally applicable if it "invite[s]" the government to consider the particular reasons for a person's conduct by providing " 'a mechanism for individualized exemptions.' *Id.* The District's brief offers no real rebuttal of this point, and so Plaintiff's Free Exercise claims should be reinstated.

Instead, Appellee-Defendants insist that Hickman Mills' directive was neutral and generally applicable, and that Bachman only has a claim if the policy "was specifically targeted at a particular religion or religious practice," or that it

"permitted teachers of different religious beliefs to violate the policy." Appellees' Br. at 9-10.

This argument is wrong on both prongs.

First, "facial targeting of religion" is not the only way to establish a rule lacks neutrality. The Supreme Court has identified "subtle departures from neutrality," "covert suppression of particular religious beliefs," or "distinctive treatment" of religious conduct, as potential triggers for strict scrutiny, in addition to facial targeting. Under *Church of Lukumi Babalu Aye, Inc.* v. *City of Hialeah*, 508 U.S. 520, 534 (1993) and *Masterpiece Cakeshop* v. *Colorado C.R. Comm'n*, 584 U.S. 617, 636 (2018), inconsistent enforcement or individualized exemptions require strict scrutiny.

Second, the District is not being entirely accurate when it says "there is no allegation the School District permitted any teacher to not comply with the directive to refer to students by their preferred names/pronouns." Appellees' Br.at 10 (emph. omitted). In the most important sense, this is false, as Bachman does allege that she was fired for addressing students as female, and that no other teacher that addressed the students as female was fired. Appellee-Defendants' brief acknowledges that the students were inconsistent in their demands. Appellees' Br. at 6. Disparate treatment of similar conduct is not neutral. The District's statement is true in the

limited and irrelevant sense that when others addressed the students as female, the District said this did not violate the policy, because the students did not make complaints. The lower court wrongly treated this as neutrality. In context, when two teachers perform the same act, a policy that only punishes the religious teacher seeking an accommodation is evidence of discrimination, not neutrality.

Finally, the District makes an important mistake about the facts in *Kluge* v. *Brownsburg*, 432 F. Supp. 3d 823 (S.D. Ind. 2020). At page 11 of its brief, Appellee-Defendants say: "[E]very teacher" in *Kluge*, "regardless of religious belief, was required to address every student by the name that that students chose, ' regardless of what that name was or why.'" Appellee's Br. at 11. However, that was not the policy in *Kluge*. In *Kluge*, the school set one name after a student provided "letters from a parent and healthcare professional regarding the need for the name change." *Kluge* v. *Brownsburg Cmty. Sch. Corp.*, No. 24-1942, 2025 WL 2218112, at *1 (7th Cir. Aug. 5, 2025). All teachers were required to use this name. *Id. Kluge* did not allow students to alter their identity by the class or teacher, or without a statement of need. The single identity in *Kluge* is materially different than Hickman's policy of letting students pick multiple identities.

Because the rule was not neutral or generally applicable, the policy must be subjected to strict scrutiny.

## B. The Appellees' policy does not meet strict scrutiny.

For the first time, in a footnote, Appellee-Defendants claim that the policy meets strict scrutiny. Appellees' Br. at n. 3 (p. 12).

"A government policy can survive strict scrutiny only if it advances "interests of the highest order" and is narrowly tailored to achieve those interests. Put another way, so long as the government can achieve its interests in a manner that does not burden religion, it must do so." *Fulton* v. *City of Philadelphia*, 593 U.S. 522, 541 (2021).

Appellee-Defendants' brief asserts that the rule here upholds a "compelling government purpose" of "preventing discrimination." Appellees' Br. at fn. 3. It suggests that this policy is necessary to comply with Title IX's prohibition on sex discrimination, and that treating a student based on biological sex (rather than gender identity) violates *Bostock* v. *Clayton County,* 140 S. Ct. 1731 (2020) and/or the Biden administration's interpretation of *Bostock*.

As a general matter, the Supreme Court has "recognized that no public accommodations law is immune from the demands of the Constitution," *303 Creative LLC v. Elenis*, 600 U.S. 570, 592 (2023). Whatever the benefits of "nondiscrimination" might be, they do not allow government to conscript speech or burden religious conduct.

Moreover, as to the School District's specific claim: most courts facing that issue have rejected Appellee-Defendants' conclusions about *Bostock* and Title IX. For example, the 2nd Circuit recently said schools may violate Title IX by letting biological males displace biological females in school athletics. "*Bostock* did not establish that assigning sports teams based on biological sex would constitute discrimination, much less hold that 'discrimination based on transgender status is generally prohibited under federal law'" *Soule* v. *Connecticut Ass'n of Sch., Inc.*, 90 F.4th 34, 62 (2d Cir. 2023)(Menashi, C.J., concurring), *quoting Soule ex rel. Stanescu* v. *Conn. Ass'n of Schs., Inc.*, 57 F.4th 43, 56 (2d Cir. 2022). Indeed, "an education program risks Title IX liability when it fails to distinguish between student athletes based on sex." *Id.* at 63.[1] Remembering, again, that Mrs. Bachman's class involved athletics and physical education, this situation involves similar issues. Insofar as Federal law appears to require consideration of biological gender in the area of

---

[1] *Accord Johnson* v. *Nat'l Collegiate Athletic Ass'n*, 108 F.4th 163, 193 (3d Cir. 2024) (Porter, C.J., concurring) (Title VII sits uneasily with Title IX's mandate of equal participation between the two sexes). *See also Tennessee* v. *Cardona*, No. 24-5588, 2024 WL 3453880 at *2 (6th Cir. July 17, 2024)(Title VII does not map neatly onto Title IX); *Adams ex rel. Kasper* v. *Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791, 808 (11th Cir. 2022) (en banc); *Eknes-Tucker* v. *Governor of Ala.*, 80 F.4th 1205, 1229 (11th Cir. 2023); *Brandt ex rel. Brandt* v. *Rutledge*, No. 21-2875, 2022 WL 16957734 at *1 n.1 (8th Cir. Nov. 16, 2022) (Stras, J., dissent from denial of rehearing en banc, joned by Gruender, J.; Erickson, J., Grasz, J., and Kobes, J.).

athletics, the District is wrong in saying its policy is a necessary application of *Bostock*. And so, the policy here does not meet strict scrutiny, as it is not necessary to comply with the law.

## II. The Lower Court erred in dismissing Bachman's Free Speech claims (Counts 1, 2, and 4), because the District admits the policy here was based in "student feelings" and "rights of choice," not her professional duties.

### A. The First Amendment protects teachers against government speech rules that prohibit speech outside school, between parents and teachers.

In her initial brief, Bachman argued that the First Amendment protects teachers against government rules that prohibit speech outside of school, between parents and teachers. Here, Hickman Mills prohibited Bachman from talking to the students' parents about this issue. Similar policies seem to have been universally enjoined. *See Ricard* v. *USD 475 Geary Cnty. Sch. Bd.*, No. 5:22-CV-04015-HLT-GEB, 2022 WL 1471372 at *6 (D. Kan. May 9, 2022).

The lower court failed to address this issue. The District's brief only considered it in a footnote. Appellees' Br. at n. 4, p. 19. The District says *Ricard* can be distinguished, because the Court had developed a record. But Bachman cannot build a record if her claims are dismissed at the pleading stage. The District also says such speech would be pursuant to Bachman's professional duties. But, of course,

this seems to contradict *Ricard*, which enjoined a policy's interference with teacher-parent speech. The lower court's decision on Free Speech should at least be set aside to the extent it interferes with the teacher's speech to parents.

> **B.    The First Amendment prohibits public schools from requiring teachers to adopt beliefs they do not hold or to say untrue things.**

Bachman also argued the Districts' policy violated her Free Speech rights in other ways. "Forcing free and independent individuals to endorse ideas they find objectionable is always demeaning," and "the First Amendment tolerates none of that." *303 Creative LLC* v. *Elenis*, 600 U.S. 570, 590 (2023).

The lower court said Bachman could not bring Free Speech claims, because her speech was "not a matter of public concern," and her speech was made pursuant to her "official duties." The District's brief cites *Garcetti* v. *Ceballos*, 547 U.S. 410 (2006), for the proposition that "restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen." Appellees' Br.at 16. It also argues that Appellant's speech was "not a matter of public concern." Appellees' Br. at 21.

Neither the District nor the lower court address the plain holding of the Supreme Court in *Janus* v. *AFSCME Council 31*, 585 U.S. 876 (2018), which says gender identity is a "sensitive political topic[]" and undoubtedly a matter of

"profound value and concern to the public." 585 U.S. at 913–14. And this is obviously the case, as the District says it is compelling the speech specifically for the benefit of "respecting" the student's right of choice and feelings on the matter. *See* Appellees' Br. at 4-5. The student does not ask 'what does the government say I am,' or even 'what does the curriculum say I am,' but 'what do *you, the teacher* say I am?' These brief discussions are analogous to conversations between two citizens on a political and personal topic, not a student request for the government's official view. Given the holding in *Janus*, the lower court should have interpreted the facts in the light most favorable to Bachman and recognized that this is a topic of public concern.

The Appellee-Defendants' brief also strongly undercuts the lower court's conclusion that Bachman's speech "owes its existence to a public employee's professional responsibilities," as addressed in *Garcetti*. The Supreme Court has explained how to recognize "official duty" speech: "When an employee engages in speech that is part of the employee's job duties, the employee's words are really the words of the employer. The employee is effectively the employer's spokesperson." *Janus*, 585 U.S. at 910.

Hickman Mills brief shows that it never adopted a message. It did not lay down a government belief that the students were male, contrary to Bachman's belief. Hickman has approved teachers who speak of the students as female. Indeed,

Hickman's brief says it is not choosing the message at all: "[u]nder the School District's directive, students may select and express any gender identity *they* choose…." Appellees' Br. at 4. And that choice is not an objective choice, but the student's subjective choice, "because the expression is based entirely on an individual student's feelings." Appellees' Br.at 4. So, <u>Hickman never says Bachman failed to deliver the government's message</u> about a student's identity; Hickman faulted Bachman for not "acknowledging students' right of choice." Appellees' Br. at 5.

This is all the more clear when combined with the District's admission that the names and genders demanded of other teachers were inconsistent. Appellees' Br. at 6. If Bachman failed to meet her professional responsibilities when she addressed the students as females, then all the other teachers who addressed the students as females must necessarily also be failing their professional responsibilities, too. Instead, Hickman says those other teachers were *fulfilling* their professional responsibilities when addressing the students as female. It is inconsistent to claim Bachman failed in being the "employer's spokesperson," when others who gave the same message as Bachman are affirmed as giving the correct professional message. This makes it clear that Bachman was fired for giving a message Hickman allowed others to give.

Together, this underscores that the disputed "message" in this case did not "owe[] its existence to a public employee's professional responsibilities," in the way the Garcetti Court meant. The actual message here owed its existence to student feelings and choices, not a responsibility inherent to all teachers. Hickman Mills is not imposing a message on hired spokespeople. Rather, Hickman Mills wants to make each teacher a spokesperson for the student's personal message. And Hickman lets students decide the message for each teacher, at each hour.

Where a student chooses the message, a teacher cannot be compelled to speak it. Thus, *Geraghty* v. *Jackson Loc. Sch. Dist. Bd. of Educ.*, No. 5:22-CV-02237, 2024 WL 3758499, at *11 (N.D. Ohio Aug. 12, 2024) is on point. *Geraghty* notes that *Garcetti* applies to an employee who has speaks, not an employee who asks to remain silent. *Id.* at *11. But even if *Garcetti* did apply, speaking consistent with a student's personal beliefs is not an official duty of an English teacher. "[T]he question is not whether using preferred names and pronouns was part of [the teacher's] ordinary job duties, but whether it was part of her ordinary job duties to convey (or refuse to convey) the message that those names and pronouns carried." *Id.* at * 13. Speaking consistent with the student's gender identity was not a ministerial task or a ritual greeting. "Such a sanitized view of language ignores the reality that "titles and

pronouns carry a message" – something acknowledged by the students demanding this speech. *Id*. at *12.

The District again turns to *Kluge* v. *Brownsburg Comm. Sch. Corp.*, 432 F.Supp.3d 823, 837 (S.D.Ind. 2020)("*Kluge I*"), and *Willey* v. *Sweetwater County Sch. Dist.*, No. 23CV-0069-SWS, 2023 WL 9597101 (D.Wyo. Dec. 18, 2023). In those cases, the government employers at least made an independent choice about a student's identity; students were to be addressed "by *the* name that appears in PowerSchool, a database[.]" *Kluge* v. *Brownsburg Cmty. Sch. Corp.*, 732 F. Supp. 3d 943, 948 (S.D. Ind. 2024) (emph. added). Students could only change their first names in PowerSchool if they showed a "need" for the change, using letters from a parent and a healthcare professional. *Id*. In this situation, Mrs. Bachman wanted to refer to a student by the name in Hickman Mills' database, and was fired for doing that.

*Willey* v. *Sweetwater County Sch. Dist.*, No. 23CV-0069-SWS, 2023 WL 9597101 (D.Wyo. Dec. 18, 2023), adopted *Kluge I*'s reasoning on Free Speech, but still found the Teacher *did state a claim for Free Exercise*. But, again, the basis for its free speech decision was that the Sweetwater District had set a policy that "applied to all faculty," and did not conceal information from parents, *contra* Hickman's policy here. *Id*. at *7.

*Willey* and *Kluge* show just how Hickman Mills' policy was an unsound outlier in the Free Speech arena. Whatever the constitutional merits of a policy where government sets one student name for all teachers, after considering demonstrated need, parent input, and advice from medical professionals, Hickman Mills did not have that policy. Instead, Hickman compelled teachers to recognize "student rights of choice" and "feelings," even as student demands changed without demonstration of need or medical necessity.

Bachman's free speech claims should be reinstated.

## III. The Lower Court erred in dismissing Bachman's Title VII discrimination and retaliation claims.

### A. Bachman pleaded a Title VII claim, as shown by Appellee-Defendants' own brief and statement of the case.

The lower court dismissed Bachman's Title VII religious discrimination claim because it found "that plaintiff has failed to plausibly allege a prima face [sic] case of religious discrimination."

Bachman's initial brief showed how the lower court imposed improper Title VII pleading standards, dismissing matters this Court has repeatedly said are best left to summary judgment. For example, the lower court held that Bachman failed to meet the District's legitimate expectations, because she refused to follow the challenged policy. App. 126; R. Doc. 40, at 15. But Bachman's initial brief pointed

out that this Court has referred to the requreiment as "the minimal qualification standard." *McGinnis* v. *Union Pac. R.R.*, 496 F.3d 868, 874 at n. 2 (8th Cir. 2007). This standard says a "plaintiff must show only that he possesses the basic skills necessary for performance of the job, not that he was doing it satisfactorily." *Id.* "[W]here discharge is at issue and the employer has already hired the employee, the inference of minimal qualification is not difficult to draw." *McGinnis* v. *Union Pac. R.R.*, 496 F.3d 868, 874 (8th Cir. 2007). Bachman was hired and legally qualified to teach this subject in Missouri, so the inference must be drawn that she met Hickman's legitimate expectations to be a teacher.

The District says this is conclusory, and fails to meet the requirements of *Iqbal* and *Twombly*. In essence, the District is asking the Court to overrule the line of cases about "minimal qualifications," but there is no good reason to do so.

The District also says Plaintiff made conclusory statements at paragraphs 182-188 of the complaint, and says they are exemplary of "unadorned the-defendant-unlawfully-harmed-me accusations" that are insufficient. But again, the District's statement of the case shows that Plaintiff has pleaded more than enough facts to give rise to a Title VII claim. If a particular statement in the complaint was conclusory, it is backed up by more than adequate facts to state a claim for religious discrimination.

**B. Bachman pleaded a Title VII claim, as shown by Appellees' primary authority, *Kluge* v. *Brownsburg*.**

Title VII requires employers to act affirmatively to find and offer accommodations for religious beliefs, unless doing so would impose undue hardship. *See Groff* v. *DeJoy*, 600 U.S. 447 (2023). The Employer cannot avoid liability by demanding the employee first submit an accommodation it will accept.

The District relies heavily on *Kluge* v. *Brownsburg* in arguing that Bachman failed to plead a Title VII claim because Bachman's requested accommodation necessarily violated anti-discrimination laws, such as Title IX. *Kluge* v. *Brownsburg. Comm. Sch. Corp*, 432 F.Supp.3d 823 (S.D.Ind. 2020).

As Bachman argued in her opening brief, Bachman believed even *Kluge II*'s analysis of hardship is wrong under *Groff,* 600 U.S. 447 (2023).

Bachman's position in the initial briefing was vindicated by the 7th Circuit's decision in *Kluge* v. *Brownsburg Cmty. Sch. Corp.*, No. 24-1942, 2025 WL 2218112 (7th Cir. Aug. 5, 2025). Just days before Hickman's brief was filed here, the Seventh Circuit held that accommodating a teacher's request for accommodation concerning student names does not necessarily put a school on "the razor's edge" of Title IX liability. *Id*. And so, the 7th Circuit refused to grant Brownsburg summary judgment on Title VII claims.

Thus, much of Appellee-Defendants' argument about Title VII has been wiped clean. Bachman pleaded a Title VII claim, because the employer refused to consider accommodations. If Teacher Kluge is entitled to a jury trial on the question of religious accommodation in this context, Teacher Bachman is entitled to proceed to discovery on her claims.

### C. Bachman states a Title VII retaliation claim because she pleads her reprimand was elevated to a termination after her rebuttal letter pointed out the policy's unfairness.

The lower court improperly dismissed Bachman's Title VII retaliation claim. The lower court said "plaintiff has failed to state a prima facie case of retaliation under Title VII." App. 129; R. Doc. 40, at 18. This was the wrong standard under *Ingram* v. *Arkansas Dep't of Correction*, 91 F.4th 924, 927 (8th Cir. 2024).

The District's brief says requesting an accommodation does not equate to opposing a practice made unlawful by Title VII. Appellees' Br. at 31.

But the District's brief fails to respond to Plaintiff's argument that she did not merely "request" an accommodation. "When an employee communicates to her employer a belief that the employer has engaged in... a form of employment discrimination, that communication virtually always constitutes the employee's opposition to the activity." *Crawford* v. *Metro. Gov't of Nashville and Davidson Cty.*, 555 U.S. 271, 276 (2009).

After requesting accommodation, Bachman objected that the District ignored her rights. In a rebuttal letter, she noted that records still listed the students as female and other teachers used female terms without discipline. Only she was punished. It was only after she opposed the unlawful reprimand that the District decided to terminate her. See Appellees' Br. at 5-6 (statement of case saying that Bachman's reprimand turned into a termination after Bachman submitted a rebuttal letter).

Because Bachman insisted the policy's application was unfair and failed to consider her beliefs as required by law, she stated a claim for Title VII retaliation.

## IV.   The Lower Court erred in dismissing Bachman's state law claims and in dismissing with prejudice.

### A.  Bachman's other claims should be reinstated.

In addition to her federal law claims, Bachman pleaded several Missouri-law claims, including the Missouri Constitution's religious freedom and due process guarantees, Mo. Const. Art. I, §§ 2, 5 & 10 (Count 9); the Missouri Religious Freedom Restoration Act, §1.302, RSMo. (Count 8); and the Missouri Student Religious Liberties Act, §160.2500, RSMo. (Count 7). The Student Religious Liberties Act says a "public school district" shall not discriminate against any person (student or not) based on a religious viewpoint or religious expression. §160.2500, RSMo.

The District's brief does not meaningfully engage Bachman's argument that the lower court erred in finding an "implied repeal" of these claims under the Missouri Human Rights Act. An implied repeal "is not favored" by Missouri courts. *Vining* v. *Probst*, 186 S.W.2d 611, 615 (Mo.App.W.D. 1945). And the Missouri Student Religious Liberties Act was last amended in 2019. So, if anything, the MSRLA right limiting public schools impliedly repeals the MHRA's provision. Instead, Bachman asserts that the statues should be harmonized, by recognizing that the MHRA does not bar Bachman's claims under MRFRA or SRLA. These statutes enforce distinct constitutional rights remedies that Missouri law protects, in addition to employment remedies. Bachman's state-law claims should be reinstated.

## B.   The lower court abused its discretion in dismissing with prejudice.

Finally, Bachman's initial brief argued that dismissal with prejudice was an abuse of discretion. Dismissal with prejudice may be warranted if amending the pleading would be futile. *See Pet Quarters, Inc.* v. *Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009).

The District argues that Plaintiff could have availed itself of FRCP 59(e) or 60(a), which allow for post-judgment motions. But, as the District acknowledged, 59(e) is limited to "manifest errors of law or fact or present newly discovered evidence." Bachman's amendment would not present "newly discovered

evidence," it would merely provide additional facts about evidence already known. 60(a), likewise, seeks correction of "other part of the record." But the decision to dismiss on a pleading means Plaintiff had no opportunity to obtain a record. Neither Rule 60(a) or 59(e) are intended to address disputes about the sufficiency of pleading, or the chance to replead or refile new claims. Ultimately, the lower court's holding appears to have depended on the incorrect conclusion that Bostock makes accommodation impossible, which would not change with more fulsome pleading.

These claims deserved to proceed beyond the pleadings.

## Conclusion

Geri Bachman was fired for refusing to address two students in her "Girls Physical Education" class as boys. She asked for a religious accommodation from the policy and was told none could be given. But the Hickman Mills School District allowed other teachers, administrators, and its digital official records, to address the same students as female without punishment.

At the pleading stage, Bachman alleged enough. Any technical deficiency could have been cured by amendment. Dismissal with prejudice was error.

This Court should reverse, reinstate Bachman's claims, and remand for further proceedings.

s/Jonathan R. Whitehead
Mo. Bar 56848

Law Offices of Jonathan R Whitehead
LLC
229 S.E. Douglas St., Ste. 210
Lee's Summit, Mo 64063
816.398.8305 - Phone
816.278.9131 – Fax
jon@whiteheadlawllc.com
*Attorney for Appellant Geri Bachman*

## Certificates

### Certificate of Compliance with Rule 32(a)

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) because this brief contains 4,835 words, excluding the parts exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced, roman typeface with serifs (Equity) using Microsoft Word, set in 14 points.

Date: October 1, 2025

s/Jonathan R. Whitehead

An Attorney for Appellant Geri Bachman

### Certificate of Compliance with Eighth Cir. R. 28A(h)

This brief has been scanned for viruses and is virus free.

Date: October 1, 2025

s/Jonathan R. Whitehead

An Attorney for Appellant Geri Bachman

## Certificate of Service

I hereby certify that on October 1, 2025, I electronically filed the above with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Date: October 1, 2025

s/Jonathan R. Whitehead

An Attorney for Appellant Geri Bachman